# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA VARGAS DE RODRIGUEZ, | Case No. 1:12-CV-01469-AWI-BAM |
| Plaintiff, | ORDER REQUESTING SUPPLEMENTAL BRIEFING |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Rita Vargas Rodriguez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income payments based on disability pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs as well as the entire record in this case, the Court requests additional briefing on the ALJ's evaluation of medical opinion testimony.

## II.   DISCUSSION

In the ALJ opinion, the ALJ briefly addressed Dr. Sablan's opinion. *See* Doc. 12, Attach. 4 at 66. However, the Court's review of the ALJ's decision does not indicate the ALJ discussed her reasons for discounting or rejecting Dr. Sablan's opinions, nor is there any discussion of the weight attached to Dr.

1

1 Sablan's opinions.  *See, Id.* The ALJ's evaluation of medical opinion testimony is presented in its
2 entirety as follows:

> Medical and opinion evidence is evaluated in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 92-2p, 96-6p and 06-3p.  I give substantial weight to the opinion of Dr. Swanson, which was based upon a thorough, well-documented examination.  Additionally, other evidence supports the doctor's diagnosis of malingering, as discussed below.  I give some weight to the opinion of Dr. Nowlan, which occurred prior to the claimant's coronary artery bypass grafts; however I find that following surgery her ability to stand and walk increased.  Further, he failed to quantify her postural limitations, and did not take into consideration the weakness in her right upper extremities.  The results of Dr. Bhatia's examination are contradicted by other evidence, as discussed below.  Because there are indications of malingering, and contradictory evidence which suggests the claimant was exaggerating symptoms, I give his opinion no weight.  I give no weight to the State agency opinion that the claimant's physical impairments are non-severe. This is inconsistent with the weight of the medical evidence. I give weight to the State agency opinion that the claimant's mental impairment is non-severe; this is consistent with the evidence and the lack of any mental health treatment.

Doc. 12, Attach. 4, at 66-67.

The ALJ discussed the reasons for accepting and rejecting the opinions of the various other medical professionals; however, the ALJ did not discuss Dr. Sablan's opinions.  The parties did not specifically address the ALJ's apparent failure to discuss the specific and legitimate reasons for rejecting or affording lesser weight to Dr. Sablan's opinions and whether this is legal error.  *See, Embrey v. Bowen,* 849 F.2d 418, 422 n. 3 (9th Cir.1988) ("The ALJ must either accept the opinions of [claimant's] treating physicians or give specific and legitimate reasons for rejecting them"); *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (Although the ALJ does not have to follow the medical opinion of the treating physician, he "must give specific, legitimate reasons for disregarding the opinion of the treating physician"); *Sigala v. Astrue,* No. 08-cv-1000-JTL, 2009 WL 960797 (C.D. Cal. 2009) ("An ALJ cannot avoid these requirements simply by not mentioning the treating physician's opinion and making findings contrary to it. . . . The Court cannot be left to speculate as to what would have been the ALJ's specific reasons for rejecting the treating physician's opinion. . . . the ALJ's silent disregard of plaintiff's treating physician's opinion constitutes error"); *Battle v. Astrue,* No. 11-cv-829-WQH (WMC), 2012 WL 985710 (S.D. Cal. 2012) ("[The ALJ] did not address the opinion of treating

physician Mark Kruper, or explain what, if any weight, was afforded to it in light of the record as a whole. . . the ALJ must still address why he gave no apparent weight to Dr. Kruper's opinion"); *see also,* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (In the event the treating physican's opinion is not entitled to controlling weight, the ALJ is instructed to consider certain specified factors in determining the weight to accord the opinion of the treating physician).

The Court requests additional briefing as to whether the ALJ's failure to explain her reasons for rejecting Dr. Sablan's testimony, specifically, constitutes reversible error and if error, what procedurally should occur. Plaintiff shall file her supplemental brief no later than March 7, 2014. The Commissioner shall file her response to Plaintiff's supplemental brief no later than March 14, 2014. Each supplemental brief shall not exceed ten (10) pages in length.

IT IS SO ORDERED.

Dated: **February 26, 2014**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE