# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA VARGAS DE RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | Case No. 1:12-CV-01469-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO REVERSE COMMISSIONER'S DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS |

## I. INTRODUCTION

Plaintiff Rita Vargas Rodriguez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income payments based on disability pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.

After reviewing the parties' briefs, the Court was concerned over a potential deficiency in the Administrative Law Judge's ("ALJ") evaluation of medical opinion testimony. Specifically, the ALJ mentioned the medical opinions of Plaintiff's treating physician, Dr. Oscar Sablan; however, the ALJ did not indicate her reasons for accepting, rejecting or discounting Dr. Sablan's opinions. The ALJ's failure to provide specific and legitimate reasons rejecting Dr. Sablan's opinions could be reversible error. However, because neither party mentioned this error, the Court requested supplemental briefing on the issue. Plaintiff filed her supplemental brief on March 7, 2014. (Doc. 28.) The Commissioner filed her supplemental brief on March 14, 2014. (Doc. 29.)

Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record and is not based upon proper legal standards. Accordingly, the Court recommends the Commissioner's determination be REVERSED AND REMANDED for further proceedings.

## II.   BACKGROUND

### A.   Overview of Administrative Proceedings

On April 28, 2008, Plaintiff applied for Supplemental Security Income payments based on disability pursuant to Title XVI of the Social Security Act, alleging disability beginning on April 16, 2008 due to a combination of physical and mental impairments. AR 62.[1] Specifically, Plaintiff alleges the following impairments contribute to her disability: diabetes mellitus; hypertension; hyperlipidemia; headaches; status post-CVA; hemiparesis; coronary artery disease with three coronary artery bypass grafts; obesity; and left knee osteoarthritis. AR 64.

Plaintiff's application was denied initially and on reconsideration. AR 44-55, 84-90. Subsequently, Plaintiff requested a hearing before an ALJ. In a decision dated June 22, 2010, the ALJ issued a decision finding Plaintiff not disabled. AR 62-69. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on July 11, 2012. AR 1-3. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

### B.   Relevant Medical Evidence

The Record contains significant medical evidence from the following sources: community medical centers; hospitals and surgical centers; Plaintiff's treating physician, Dr. Oscar Sablan; and the examination and consultation records of several state agency physicians. Several physicians opined on Plaintiff's residual functional capacity.

The Court will not discuss the medical evidence and opinions in great detail, because this Order does not consider whether the ALJ's evaluation of the medical evidence as a whole is supported by substantial evidence in the record and based upon proper legal standards. Rather, as

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

explained in the Court's previous order requesting supplemental briefing, the issue is whether the ALJ's failure to discuss her reasons for rejecting Dr. Sablan's medical opinions constitutes reversible error.

Dr. Sablan submitted a report concluding Plaintiff could not do full time work.  AR 465. Dr. Sablan offered the following opinions on Plaintiff's ability to work: Plaintiff can sit for two-to-four hours in an eight-hour work day; Plaintiff could stand and walk for up to ten minutes at a time, from two-to-four hours in an eight-hour work day; Plaintiff would have to lie down or elevate her legs several times during an eight hour work day; Plaintiff can lift between five-to-ten pounds frequently or occasionally throughout an eight-hour work day; Plaintiff was restricted in using her right arm and hand, and was limited to no more than two-to-four-hours of reaching, handling, feeling, pushing, pulling, or grasping in an eight-hour work day.  AR 465-7.

**C.     Vocational Expert Testimony**

A vocational expert testified at the hearing.  AR 37-42. The ALJ asked the vocational expert three hypotheticals, all of which concerned a hypothetical individual who could "lift and carry 20 pounds occasionally, 10 pounds frequently;" and can do "occasional forceful gripping and grasping with the right upper extremity."  *Id.*  The first hypothetical considered an individual who would sit, stand, and walk six hours out of an eight hour day, AR 38, while the second hypothetical considered an individual who was limited to sedentary positions with unlimited sitting ability.  AR 39.  The third hypothetical considered an individual limited to sedentary tasks, and would require two-to-four breaks a day of thirty minutes each.  AR 40.  The vocational expert testified there were significant jobs existing in the national economy as to the first two hypothetical individuals and no jobs as to the third hypothetical individual. AR 40. Plaintiff's counsel asked the vocational expert to consider the first two hypothetical individuals, with the additional limitations of occasional use of the right upper extremity and occasional reaching in all directions.  The vocational expert testified that there would be a "very, very small" numbers of jobs in the national economy as to the first individual, and no jobs for the second individual. AR 40-41.

**D.    The ALJ's Decision**

On June 22, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Specifically, the ALJ made the following relevant findings:

1.    Plaintiff has not engaged in substantial gainful activity since April 28, 2008, the application date;

2.    Plaintiff has the following severe impairments: status post-CVA with mild hemiparesis; coronary artery disease with three coronary artery bypass grafts; obesity; and left knee osteoarthritis;

3.    Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4.    Plaintiff has the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently. Plaintiff can sit, stand and walk six hours in an eight hour workday. Plaintiff's impairments limit her to occasional crouching, crawling, kneeling, squatting and climbing as well as occasional forceful gripping and grasping with her right upper extremity.

5.    Plaintiff has no past relevant work;

6.    Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 416.969 and 416.969(a));

7.    Plaintiff has not been under a disability, as defined in the Act, since April 28, 2008, the date the application was filed (20 CFR 416.920(g)).

### III.    STANDARD OF REVIEW

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3). The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's "listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ

4

considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20 C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla," *id.*, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

### IV.   DISCUSSION

Plaintiff argues the ALJ should have afforded controlling weight to the opinions of her treating physician, Dr. Sablan. Plaintiff argues that the ALJ's failure to afford controlling or persuasive weight to Dr. Sablan's opinions resulted in an erroneous residual functional capacity finding. Plaintiff also argues the vocational expert's testimony demonstrates that if Dr. Sablan's testimony was credited, Plaintiff would have been found disabled. The Commissioner responds that this Court can infer the ALJ rejected Dr. Sablan's opinions, and that the Record as a whole supports such a rejection.

**A.     The ALJ's Failure to Discuss Dr. Sablan's Opinions Was Reversible Error**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(1)-(2). The medical opinion of a treating physician is entitled to special weight. *See* 20 C.F.R. § 404.1527*; Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). The ALJ may not reject the treating physician's opinion, even if there is substantial evidence in the record contradicting the opinion of the treating physician, without providing specific and legitimate reasons for doing so that are supported by substantial evidence in the record. *Reddick,* 157 F.3d at 725; *see also Orn v. Astrue*, 495 F.3d 625, 631–32 (9th Cir. 2007). Even if a treating physician's opinion "is no longer entitled to controlling weight" because there is "substantial evidence in the record" contradicting the opinion, the opinion is "still entitled to deference and must be weighed using all the factors provided in 20 C.F.R. § 404.1527." *Orn,* 495 F.3d at 632 (quoting Social Security Ruling 96–2p).

"An ALJ cannot avoid these requirements simply by not mentioning the treating physician's opinion and making findings contrary to it."  *Sigala v. Astrue,* 2009 WL 960797 (C.D. Cal. 2009), citing *Embrey v. Bowen,* 849 F.2d 418, 422 n. 3 (9th Cir.1988) ("The ALJ must either accept the opinions of [claimant's] treating physicians or give specific and legitimate reasons for rejecting them."). The Court cannot be left to speculate as to what would have been the ALJ's specific reasons for rejecting the treating physician's opinion. *See Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

The ALJ articulated the opinions expressed by Dr. Sablan. *See* Doc. 12, Attach. 4 at 66. However, the ALJ neither discussed her reasons for discounting or rejecting Dr. Sablan's opinions, nor discussed the weight attached to Dr. Sablan's opinions.  *See, Id.* The ALJ's evaluation of medical opinion testimony is presented in its entirety as follows:

> Medical and opinion evidence is evaluated in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 92-2p, 96-6p and 06-3p. I give substantial weight to the opinion of Dr. Swanson, which was based upon a thorough, well-documented examination. Additionally, other evidence supports the doctor's diagnosis of malingering, as discussed below. I give some weight to the opinion of Dr. Nowlan, which occurred prior to the claimant's coronary artery bypass grafts; however I find that following surgery her ability to stand and walk increased. Further, he failed to quantify her postural limitations, and did not take into consideration the weakness in her right upper extremities. The results of Dr. Bhatia's examination are contradicted by other evidence, as discussed below. Because there are indications of malingering, and contradictory evidence which suggests the claimant was exaggerating symptoms, I give his opinion no weight. I give no weight to the State agency opinion that the claimant's physical impairments are non-severe. This is inconsistent with the weight of the medical evidence. I give weight to the State agency opinion that the claimant's mental impairment is non-severe; this is consistent with the evidence and the lack of any mental health treatment.

Doc. 12, Attach. 4, at 66-67.

The ALJ discussed the reasons for accepting and rejecting the opinions of various medical professionals, however, the ALJ did not discuss Dr. Sablan's opinions. Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, she errs. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *see also, Garrison v. Colvin,* -- F.3d -- , 2014 WL 3397218 at *14 (9th Cir., July 14, 2014) ("In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Battle v. Astrue,* No. 11-cv-829-WQH (WMC), 2012 WL 985710 (S.D. Cal. 2012) ("[The ALJ] did not address the opinion of treating physician Mark Kruper, or explain what, if any weight, was afforded to it in light of the record as a whole. . .  the ALJ must still address why he gave no apparent weight to Dr. Kruper's opinion"). Accordingly, the ALJ's silent disregard of Plaintiff's treating physician's opinion constitutes reversible error.

**B.    The Case Shall Be Remanded For Further Proceedings**

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a

rehearing." 42 U.S.C. § 405(g) (emphasis added). Accordingly, the Ninth Circuit has recognized that "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison*, 2014 WL 3397218 at *19.

The Ninth Circuit clarified the scope of judicial power to remand for an award of benefits in *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396 (9th Cir. 1988). There, the Ninth Circuit held that "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true." *Id.* at 1401. The Ninth Circuit explained that this "credit-as-true rule" is designed to achieve fairness and efficiency:

> We believe [that this] rule promotes the objectives we have identified in prior disability cases. Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence in the record that suggests an opposite result. It helps to ensure that pain testimony will be carefully assessed and its importance recognized. Moreover, it avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case. Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the delay and uncertainty often found in this area of the law, and ensures that deserving claimants will receive benefits as soon as possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage— financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims. At the same time, the rule does not unduly burden the ALJs, nor should it result in the wrongful award of benefits ... [I]f grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id.* at 1398–99 (quotation marks, citations, and alterations omitted). One year later, in *Hammock v. Bowen*, the Ninth Circuit extended the credit-as-true rule to medical opinion evidence. *See* 879 F.2d 498 (9th Cir. 1989).

The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004).

In the 2003 case of *Connett v. Barnhart,* 340 F.3d 871 (9th Cir.2003), however, the Ninth Circuit cautioned that the credit-as-true rule may not be dispositive of the remand question in all cases. Rather, recognizing that this rule, like most, admits of exceptions meant to preserve the rule's purpose, *Connett* noted that the credit-as-true doctrine envisions "some flexibility." *Id.* at 876. *Connett* then concluded that under the circumstances there present a remand for an award of benefits was not mandatory and remanded for further proceedings. *Connett,* however, did not explain when remand for further proceedings, rather than for an award of benefits, would be appropriate even though the credit-as-true rule's conditions are met.

Recently, the Ninth Circuit clarified *Connett's* flexibility approach to the credit-as-true doctrine in *Garrison v. Colvin,* -- F.3d -- , 2014 WL 3397218 (9th Cir. July 14, 2014). Recalling that, "in social security cases, the required analysis centers on what the record evidence shows about the existence or non-existence of a disability, *Connett's* flexibility is properly understood as requiring courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison,* 2014 WL 3397218 at *21 (internal citations and quotations omitted.) "That interpretation best aligns the credit-as-true rule, which preserves efficiency and fairness in a process that can sometimes take years before benefits are awarded to needy claimants, with the basic requirement that a claimant be disabled in order to receive benefits." *Id.*

9

Here, Plaintiff satisfies all three conditions of the credit-as-true rule. First, there is no need to develop the record or convene further administrative proceedings. The record contains ample medical evidence to evaluate Plaintiff's claim of disability, but the ALJ failed to properly consider all the evidence. Second, as the Court has already explained *supra*, the ALJ failed to provide a legally sufficient reason to reject Dr. Sablan's opinions. Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. The ALJ and Plaintiff's counsel posed questions to the vocational expert that matched Dr. Sablan's opinions, and in response the vocational expert answered that a person with such a residual functional capacity would be unable to work. AR 41. Accordingly, Plaintiff satisfies the requirements of the credit-as-true standard.

Having concluded that Plaintiff satisfies all three parts of credit-as-true analysis, the Court now considers whether it should exercise "flexibility" under *Connett* and *Garrison* to remand for further proceedings or award benefits. This Court finds that an evaluation of the record as a whole creates serious doubt that Plaintiff, in fact, is disabled.

First and foremost, the Record documents concerns over persistent malingering. Plaintiff saw Steven C. Swanson, Ph.D., for a psychological consultative examination on March 13, 2009. AR 388-96.  Dr. Swanson performed a battery of psychological tests.  However, Dr. Swanson concluded that Plaintiff did not put forth sufficient effort to reach a valid result on any of the tests AR 388-392. Dr. Swanson noted that "[Plaintiff] appeared motivated to make a case for disability," and that Plaintiff "appeared to exaggerate symptomatology and compromise in functioning" and to "intentionally perform poorly." AR 390.  Accordingly, Dr. Swanson administered a test to determine if Plaintiff was malingering.  AR 392. The TOMM Test is a 50-item recognition test designed to help psychologists discern between bona fide memory impairments and malingering individuals. "Non-malingerers, even those with substantial impairment, score very well on the TOMM."  AR 392. Any score lower than 45 raises concern that the individual is malingering.  Plaintiff registered a score of 27. AR 392.

The ALJ also pointed out several instances in which Plaintiff exaggerated the disabling nature of her condition.  For example, the ALJ noted Plaintiff's inconsistencies her description of her activities of daily living.  In March of 2009, Plaintiff reported she was able to independently

10

complete all activities of daily living. AR 390. However, at the administrative hearing, Plaintiff stated that her daughter has to assist her comb her hair, and that she only does a "little bit" of the household chores. AR 25. The ALJ also noted the discrepancies in physician reporting of Plaintiff's gait, where in some instances Plaintiff exhibited a limp, and other instances Plaintiff's gait was normal. AR 68. The ALJ also noted that Plaintiff has worked very little prior to the alleged disability onset date, which raises a question as to whether Plaintiff's continuing unemployment was actually due to medical impairments. AR 68.

Lastly, while there is very little evidence to support the ALJ's conclusion that Plaintiff can stand and walk for six hours out of an eight-hour day, four of the five physicians who opined on Plaintiff's physical ability to work found that Plaintiff can perform sedentary work without any manipulative limitations.[2] AR 375, 410, 415, 468-69. The vocational expert testified that a hypothetical individual such as plaintiff who was limited to sedentary jobs with "occasional forceful gripping and grasping with the right upper extremity" could perform jobs that exist in significant numbers in the national economy. AR 40.

The Court does not opine on what result the ALJ should reach based on the evidence currently before it. However, for the reasons described above, the Court has serious doubts that Plaintiff, in fact, is disabled. Thus, the Court will exercise the flexibility afforded under *Connett* and *Garrison* to remand for further proceedings. On remand, Plaintiff shall be afforded the opportunity to present supplemental evidence to the Commissioner, including but not limited to additional treating source evidence. On remand, the Commissioner is to weigh all the medical evidence in the record, bearing in mind that even if Dr. Sablan's opinion is not entitled to controlling weight, the opinion is "still entitled to deference and must be weighed using all the factors provided in 20 C.F.R. § 404.1527." *Orn,* 495 F.3d at 632.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, this

---

[2] The lone exception was Plaintiff's treating physician, Dr. Sablan. However, examining physicians James Nowlan, J.R., and Perminder Bhatia, as well as reviewing physicians James Glaser and Evangeline Murillo, all found Plaintiff could perform sedentary work without any manipulative restrictions.

Court **RECOMMENDS** that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be **GRANTED**. The Court further **RECOMMENDS** this case be remanded for further proceedings consistent with these findings and recommendations.

These findings and recommendations will be submitted to the district judge pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 15, 2014**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE